UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEVIN HOLLINGSWORTH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 06-0954** |
| **BURL CAIN, WARDEN** | * | **SECTION: "J"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is **HEREBY RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

### PROCEDURAL HISTORY

On March 28, 1985, petitioner, Kevin Hollingsworth, a prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, was found guilty, following trial by jury, of first degree murder. Petitioner was sentenced to life imprisonment at hard labor

without benefit of probation, parole, or suspension of sentence.  In 1986, petitioner's conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal.[1] Petitioner did not, in connection with his direct appeal, file a writ application with the Louisiana Supreme Court.

Several years following the completion of his direct appeal proceedings, petitioner sought state post-conviction relief.  Petitioner states that he filed his first post-conviction application on January 14, 1990, and the state district court denied relief on February 14, 1991.[2]  Petitioner informs that he filed a second post-conviction application on November 18, 2002, and his efforts, in connection with his second post-conviction application, culminated on January 9, 2006, when the Louisiana Supreme Court denied him relief.  *State ex rel. Hollingsworth v. State*, No. 2005-KH-0435, 918 So.2d 1025 (La. 2006).[3] Additionally, petitioner allegedly filed with the state district court a pleading entitled,

---

[1]The Louisiana Fourth Circuit issued two opinions in connection with petitioner's direct appeal. One published opinion, *State v. Hollingsworth*, No. KA-3931, 493 So.2d 244 (La. App. 4 Cir. Aug. 6, 1986), a copy of which is contained in the State rec., vol. 4 of 6; and, an unpublished opinion, *State v. Hollingsworth*, No. KA-3807, 497 So.2d 795 (La. App. 4 Cir. Oct. 9, 1986), a copy of which is contained in the State rec., vol. 3 of 6.

[2]*See* Federal rec., doc. 3, petitioner's "Memorandum of Law in Support of Habeas Corpus Application" at p. 1.  Petitioner makes no mention of having sought appellate relief in connection with the district court's February 14, 1991 adverse decision and the Clerk of Court for the Louisiana Fourth Circuit Court of Appeal has verified that petitioner filed no pleadings with the state appellate court in 1991 or, for that matter, in 1992, 1993, 1995, 1996 or 1997.  The Clerk's verification to this effect is contained in the State rec., vol. 2 of 6.

[3]*See* Federal rec., doc. 3, petitioner's supporting memorandum at pp. 1-2.

"Memorandum of Law and Argument in Support of the Application for Post-Conviction Relief" wherein he alleges, in part, that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[4] Petitioner makes reference to said pleading in his September, 2003 "Application for Supervisory Writs of Certiorari Ad [sic] Review, Mandamus, and the Issuance of an Alternative Writ", filed with the Louisiana Supreme Court in *State v. Hollingsworth*, No. 2003-KH-2721,[5] wherein he informs, on page 1, that he "timely filed his *Brady* violation" on July 14, 1998.[6]

Petitioner signed and filed the instant action for federal habeas corpus relief on February 7, 2006. In its response, the State argues that petitioner's habeas application should be dismissed as time-barred. For the reasons set forth below, the Court agrees that the instant action is untimely.

---

[4]Copies of petitioner's "Memorandum of Law and Argument in Support of the Application for Post-Conviction Relief" are contained in the State rec., vols. 1 and 2 of 6. Petitioner did not date his "Memorandum of Law and Argument in Support of the Application for Post-Conviction Relief" and there is no file-stamp date on the document.

[5]A copy of petitioner's September, 2003 writ application to the Louisiana Supreme Court is contained in the State rec., vol. 2 of 6. The Louisiana Supreme Court, on October 15, 2004, denied petitioner's writ application in No. 2003-KH-2721. *See State v. Hollingsworth*, 883 So.2d 1044 (La. 2004).

[6]Doubt as to whether petitioner's "Memorandum of Law and Argument in Support of the Application for Post-Conviction Relief" was ever actually filed with the state district court arises as a result of the fact that the pleading is not file-stamped, but rather, is included in the State record as "Appendix B". Further, petitioner, in connection with the instant federal habeas corpus petition, makes no mention of a 1998 state post-conviction application.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[7] *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's time for seeking review expired on or about November 8, 1986, 30 days following the Louisiana Fourth Circuit's October 9, 1986 denial of his direct appeal.[8] Thus, petitioner had a year from November 8, 1986, or until November 8, 1987, to timely seek federal habeas corpus relief.

However, the United States Fifth Circuit has held that, for a prisoner such as Hollingsworth, whose conviction became final prior to the AEDPA's effective date of April 24, 1996, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal post-conviction habeas challenge.

---

[7] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[8] Under La. S.Ct. R. 10 Section 5(a), petitioner had 30 days within which to seek review from the Louisiana Supreme Court in connection with the state appellate court's October 9, 1986 adverse decision.

*Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998). Accordingly, petitioner had until April 24, 1997, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until February 7, 2006, almost nine years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As set forth above, petitioner had no state post-conviction proceedings pending which could have tolled his April 24, 1996 to April 24, 1997 prescriptive period.[9] Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v.*

---

[9]*See* discussion *supra* at pp. 2-3.

*Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

In this case, petitioner sets forth no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief filed on behalf of petitioner, Kevin Hollingsworth, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996).

        New Orleans, Louisiana, this __21st__ day of _____December_____, 2007.

                                                         LOUIS MOORE, JR.
                                                         United States Magistrate Judge